FILED
2007 AUG 16 AM 8:49
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY [signature] DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARTHUR S. BISSELL, CDC #V-50913, Plaintiff, vs. STATE OF CALIFORNIA, et al., Defendants. | Civil No. 07-1309 JM (AJB) **ORDER:** **(1) GRANTING PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*, ASSESSING NO INITIAL PARTIAL FILING FEE AND GARNISHING $350 BALANCE FROM PRISONER'S TRUST ACCOUNT [Doc. No. 2]; AND** **(2) SUA SPONTE DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM AND FOR SEEKING DAMAGES AGAINST IMMUNE DEFENDANTS PURSUANT TO 28 U.S.C. § 1915(e)(2)(B) & § 1915A(b).** **[Doc. No. 2]** |

Plaintiff, an inmate currently incarcerated at Calipatria State Prison located in Calipatria, California and proceeding pro se, has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983. In his Complaint, Plaintiff alleges that the California Legislature

and various California State Court Judges have violated his constitutional rights when they refused to allow Plaintiff visitation rights with his daughter following his criminal conviction for child abuse. (Compl. at 3-4.) Plaintiff has not prepaid the $350 filing fee mandated by 28 U.S.C. § 1914(a) to commence a civil action; instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a) [Doc. No. 2].

**I. Motion to Proceed IFP**

Effective April 9, 2006, all parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350. *See* 28 U.S.C. § 1914(a). An action may proceed despite a party's failure to prepay the entire fee only if the party is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). Prisoners granted leave to proceed IFP however, remain obligated to pay the entire fee in installments, regardless of whether the action is ultimately dismissed for any reason. *See* 28 U.S.C. § 1915(b)(1) & (2).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2). From the certified trust account statement, the Court must assess an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). That institution having custody of the prisoner must collect subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forward those payments to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

////

The Court finds that Plaintiff has attached a certified copy of his trust account statement pursuant to 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. Plaintiff's trust account statement shows that he has insufficient funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee."); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered."). Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP [Doc. No. 2] and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated shall be collected and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. Initial Screening per 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)

### A. Standard of Review

The PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these provisions, the Court must sua sponte dismiss any IFP or prisoner complaint, or any portion thereof, which is frivolous, malicious, fails to state a claim, or which seeks damages from defendants who are immune. *See* 28 U.S.C. § 1915(e)(2)(B) and § 1915A; *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (noting that 28 U.S.C. § 1915(e) "not only permits but requires" the court to sua sponte dismiss an *in forma pauperis* complaint that fails to state a claim); *Resnick v. Hayes*, 213 F.3d 443, 446 (9th

Cir. 2000) (§ 1915A).

Before amendment by the PLRA, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims. *Lopez*, 203 F.3d at 1126, 1130. An action is frivolous if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). However, 28 U.S.C. § 1915(e)(2) and § 1915A now mandate that the court reviewing an IFP or prisoner's suit make and rule on its own motion to dismiss before effecting service of the Complaint by the U.S. Marshal pursuant to FED.R.CIV.P. 4(c)(2). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997) (stating that sua sponte screening pursuant to § 1915 should occur "before service of process is made on the opposing parties"); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (discussing 28 U.S.C. § 1915A).

"[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff." *Resnick*, 213 F.3d at 447; *Barren*, 152 F.3d at 1194 (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)"); *Andrews*, 398 F.3d at 1121. In addition, the Court has a duty to liberally construe a pro se's pleadings, *see Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988), which is "particularly important in civil rights cases." *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). In giving liberal interpretation to a pro se civil rights complaint, however, the court may not "supply essential elements of claims that were not initially pled." *Ivey v. Board of Regents of the University of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

As currently pleaded, it is clear that Plaintiff's Complaint fails to state a cognizable claim under 42 U.S.C. § 1983. Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States.

*See* 42 U.S.C. § 1983; *Nelson v. Campbell,* 541 U.S. 637, 124 S. Ct. 2117, 2122 (2004); *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985) (en banc).

**B. Rooker Feldman Doctrine**

In Plaintiff's Complaint, he claims that a San Diego Superior Court Judge violated his constitutional rights when his ex-wife was awarded sole custody of their daughter and "neglected to make provision for regular visitation" between Plaintiff and his "natural child." (Compl. at 4.) He further seeks to hold the Judges for the California Court of Appeal and the California Supreme Court liable because they "refused to review" the "constitutional errors committed by the lower court." (*Id.* at 5.)

The *Rooker-Feldman* doctrine provides that "'a losing party in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" *Doe v. Mann*, 415 F.3d 1038, 1041 (9th Cir. 2005) (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994)), *cert. denied*, 119 S.Ct. 868 (1999); *see District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 & 486 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). Review of state court decisions may only be conducted in the United States Supreme Court. *Feldman*, 460 U.S. at 476 & 486; *Rooker*, 263 U.S. at 416; *see* 28 U.S.C. § 1257.

The *Rooker-Feldman* jurisdictional bar applies even if the complaint raises federal constitutional issues. *Feldman*, 460 U.S. at 483 n.16 & 486; *Henrichs v. Valley View Development*, 474 F.3d 609, 613 (9th Cir. 2007). More specifically, the bar applies if the challenge to the state court decision is brought as a § 1983 civil rights action alleging violations of due process and equal protection. *See Branson v. Nott*, 62 F.3d 287, 291 (9th Cir. 1995); *Worldwide Church of God v. McNair*, 805 F.2d 888, 893 n.4 (9th Cir. 1986).

A complaint challenges a state court decision if the constitutional claims presented to the district court are "inextricably intertwined" with the state court's decision in a judicial proceeding. *Feldman*, 460 U.S. at 483 n.16. "[T]he federal claim is inextricably

intertwined with the state court judgment if the federal claim succeeds only to the extent that the state court wrongly decided the issues before it." *Pennzoil Co. v. Texaco Inc.*, 481 U.S. 1, 25 (1987)(Marshall, J., concurring); *see also Worldwide Church of God*, 805 F.2d at 891-92.

Because Plaintiff is requesting this Court overturn the visitation order made in state court, and he claims that the state court "failed to protect against the enforcement of unconstitutional laws," his claims are inextricably intertwined with the state court proceedings, and are barred by the *Rooker-Feldman* doctrine. As such, Plaintiff's Complaint as currently pleaded is subject to dismissal for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) & 1915A.

Even if Plaintiff's due process claims were not barred by the *Rooker-Feldman* doctrine, he cannot state a due process claim under the Fourteenth Amendment. Plaintiff claims that he has been denied visitation by his daughter while incarcerated in violation of his Fourteenth Amendment due process rights. (Compl. at 3.) However, the Due Process Clause doe not guarantee a right of unfettered visitation while incarcerated. *See Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 460-61 (1989). The denial of visitation by family members "is well within the terms of confinement ordinarily contemplated by a prison sentence," *Hewitt v. Helms*, 459 U.S 460, 468 (1983) and therefore is not independently protected by the Due Process Clause. *See Thompson*, 490 U.S. at 461.

Moreover, in Plaintiff's Complaint he alleges that San Diego Superior Court Judge Lewis, California Court of Appeal Justices Huffman, Irion, and Aaron, and California Supreme Court Justice George violated his constitutional rights when he was denied his request, and later affirmed this denial, to force his former wife to bring his daughter to the prison to visit him. (Compl. at 2-3.) However, these Defendants are entitled to absolute judicial immunity. *See Stump v. Sparkman*, 435 U.S. 349, 359 (1978) (noting the longstanding rule that "[a] judge is absolutely immune from liability for his judicial acts even if his exercise of authority is flawed by the commission of grave procedural

errors."); *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities.").

Accordingly, the Court finds that Plaintiff's Complaint must be **DISMISSED** for failing to state a claim upon which relief can be granted and for seeking relief against defendants who are immune pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Because it does not appear "at all possible that the plaintiff can correct the defect(s)" of his pleading, further leave to amend is **DENIED** as futile. *See Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 339 (9th Cir. 1996) (denial of a leave to amend is not an abuse of discretion where further amendment would be futile).

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) is **GRANTED**.

(2) The Secretary of California Department of Corrections and Rehabilitation, or his designee, is ordered to collect from Plaintiff's prison trust account the $350 balance of the filing fee owed in this case by collecting monthly payments from the trust account in an amount equal to twenty percent (20%) of the preceding month's income credited to the account and forward payments to the Clerk of the Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS SHALL BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

(3) The Clerk of the Court is directed to serve a copy of this Order on James Tilton, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

////

////

////

**IT IS FURTHER ORDERED** that:

(4) Plaintiff's Complaint [Doc. No. 1] is **DISMISSED** for failing to state a claim and without further leave to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A. Plaintiff is further notified that this dismissal may later be counted as a "strike" against him pursuant to 28 U.S.C. § 1915(g).[1]

The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: August 14, 2007

**HON. JEFFREY MILLER**
**United States District Judge**

[1] 28 U.S.C. § 1915(g) provides that "[i]n no event shall a prisoner bring a civil action or appeal ... under this section if the prisoner has, on 3 or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) ("Pursuant to § 1915(g), a prisoner with three strikes," *i.e.*, prior federal cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on grounds that they were frivolous, malicious, or failed to state a claim, "cannot proceed *IFP*.").